# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

EDWARD CONAWAY,

    Plaintiff,

v.                                Civil Action No.: PJM-23-2089

OFFICER LIMBO, *et al.*,

    Defendants.

## MEMORANDUM

Plaintiff Edward Conaway filed a Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) along with a Motion to Proceed in Forma Pauperis (ECF No. 2), which shall be granted. Because Conaway proceeds in forma pauperis, the Court is required to screen his Complaint before it may proceed, and must dismiss any part of the Complaint that, as relevant here, fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a pro se plaintiff must still carry "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons that follow, Conaway's Complaint will be dismissed.

    I.    Complaint

Conaway names Officer Limbo, Warden of North Branch Correctional Institution ("NBCI"), Commissioner of Corrections, and the Executive Director of the Inmate Grievance Office ("IGO") as Defendants in this matter. ECF No. 1 at 1. Conaway states that on September 6, 2022, Office Limbo refused to feed him his dinner tray. *Id.* at 2. He states that this action violates both Maryland State law and the Code of Maryland Regulations ("COMAR"). *Id.* He

states that he asked Officer Limbo for his meal three times that night, but was not provided with a meal. *Id.* He states that he went through the administrative remedy procedure ("ARP") process, directing his concerns to the Warden, the Commissioner of Corrections, and the Executive Director of the IGO, but nothing was done. *Id.* He asserts that he suffered "mental distress" as a result of his missed meal. *Id.* at 3. As relief, he seeks $300,000.00. *Id.*

II. Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because questions of subject matter jurisdiction concern the court's power to hear the case, they must be resolved before the court can turn to the sufficiency or merits of a claim. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible without exception." (Internal citation and quotation marks omitted)). Federal courts have original jurisdiction over civil cases, with some exceptions that are not relevant here, in only two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction, where the parties in the case are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

Moreover, complaints that so clearly fail to state a claim that it would be imprudent to proceed to service of process should be dismissed at the outset:

> [F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. *See, e.g., Mallard v. United States Dist. Court*, 490 U.S. 296, 307-08 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Fitzgerald v. First E. Seventh St.*, 221 F.3d 362, 364 (2d Cir. 2000). In addition, because a court

2

lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted. *See Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181-83 (7th Cir. 1989); *Franklin v. Or., State Welfare Div.*, 662 F.2d 1337, 1342-43 (9th Cir. 1981).

*Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014).

Conaway appears to invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.[1] ECF No. 3 at 2. He appears to allege, as the basis for federal question jurisdiction, violations of 42 U.S.C. § 1983. Section 1983 of Title 42 of the United States Code provides that a plaintiff may file suit against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See, e.g., Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Graves v. Loi*, 930 F.3d 307, 318-19 (4th Cir. 2019); *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied*, 575 U.S. 983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48

---

[1] Conaway does not invoke diversity jurisdiction, nor does such jurisdiction appear to exist. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). Although Conaway seeks damages in excess of $75,000, *see* ECF No. 1 at 3, he has not shown that the citizenship of the parties is diverse.

3

(1988); *see Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

Construed very liberally, at best, the denial of a dinner tray on one occasion may amount of an allegation that the conditions of Conaway's confinement violated his right to be free from cruel and unusual punishment under the Eighth Amendment to the Constitution. However,

> In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements - that 'the deprivation of [a] basic human need was *objectively* sufficiently serious,' and that '*subjectively* the officials acted with a sufficiently culpable state of mind.'

*Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995) (emphasis in original) (citation omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-300 (1991)).

To establish a sufficiently culpable state of mind, there must be evidence that a known excessive risk of harm to the inmate's health or safety was disregarded. *See Wilson*, 501 U.S. at 298-99. In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." *Brown v. N.C. Dep't of Corr.*, 612 F.3d 720, 723 (4th Cir. 2010) (quoting *Case v. Ahitow*, 301 F.3d 605, 607 (7th Cir. 2002)). Conduct is not actionable under the Eighth Amendment unless it transgresses bright lines of clearly established pre-existing law. *See Maciariello v. Sumner*, 973 F.2d 295, 298 (4th Cir. 1992).

The objective prong of a conditions claim requires proof of an injury. "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). Demonstration of an extreme deprivation proscribed by the Eighth Amendment requires proof of "a serious or significant physical or emotional injury resulting from the challenged conditions." *See Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003) (quoting *De'Lonta*, 330 F.3d at 770).

Simply put, missing one meal cannot satisfy this standard. Conaway has not alleged a violation of his Constitutional rights, or stated any other federal claim, and thus his Complaint cannot proceed and will be dismissed.[2] A separate order follows.

8/15/23
Date

PETER J. MESSITTE
United States District Judge

---

[2] Conaway's assertion that Officer Limbo's actions violated Maryland State law and COMAR do not present a federal question for this Court to address. "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-727 (1966)). Accordingly, Conway's state law claims will be dismissed without prejudice.